SAVOY, Judge.
This suit was instituted by plaintiffs, the six major children of Joseph N. Trahan, against the defendant, Louisiana Paving Company, Inc., and its insurer, Firemen’s Fund Insurance Company, wherein the plaintiffs seek to recover damages for their father’s death, pain and suffering, funeral expenses and for the value of the pick-up truck which was wrecked when it hit a culvert just outside the city limits west of Opelousas on U. S. Highway 190.
The facts as reflected by the record reveal that decedent was operating his 1963 Chevrolet pick-up truck on a dark rainy evening on U. S. Highway 190 in an easterly direction about 7:30 P.M. on March 27, 1965, when the truck left the highway, traveled partially on the shoulder for some distance, finally hitting a culvert causing the death of the decedent and the resulting suit. At the time of the accident, defendant, Louisiana Paving Company, Inc., had a contract with the State Department of Highways for widening the then existing two lane highway between Lawtell and Opelousas. In connection with this widening process, it became necessary to build a detour around a ditch and culvert under the old road so traffic would be able to continue while the old culvert was extended to include the ditch which would be covered by the new portion of the highway. While the detour was being prepared, it became necessary to excavate the shoulder directly adjacent to' the highway to a depth of some ten to twelve inches. It was somewhere along this excavated shoulder that the right wheels of the truck left the highway traveling along the shoulder and into the ditch.
Plaintiffs contended that defendant was guilty of negligence proximately causing the death of their father because it failed to adequately post warning signs and devices to apprise the motoring public of the inherent dangers created by the excavation directly adjacent to the highway. The defendant, on the other hand, urged that it had adequately warned motorists that the road was under construction, and, accordingly, it was guilty of no negligence. In the alternative, defendant pleaded that decedent was guilty of negligence himself which would bar any recovery in case the defendant was found to be negligent.
After a trial on the merits the trial judge, without assigning written reasons, entered judgment in favor of defendant, Louisiana Paving Company, Inc., and its insurer, dismissing the suit at plaintiffs’ costs. It is from this ruling that plaintiffs have appealed, contending that the trial court erred in not finding defendant negligent in its marking of the highway and in finding the decedent guilty of contributory negligence.
This case is one where we believe that a painstaking examination of the testimony of each of the twenty-five witnesses would *405 serve no useful purpose. After considering the record as a whole, we have concluded that the trial court did not commit manifest error in its finding that the defendant was not negligent. There was enough evidence in the record by which the trial judge could have absolved the defendant from any liability.
Mr. Alexander F. Watkins, a civil engineer with the Department of Highways, testified that as project engineer, he also had the duty of supervising the warning signs placed by the contractor on the job in addition to his other duties. He testified that the warning signs for the area were in accordance with the plans and specifications and requirements of the Department of Highways. He stated there were at least four delineators in the excavated area which consisted of eighty-six feet, and that although flares are sometimes used to mark trenches along the edge of the highway, the specifications state that flares can be used in lieu of de-lineators. Mr. Watkins said that he preferred the delineators to the flares in this type of situation as the flares have to be placed close to the highway edge and are susceptible to being blown out by heavy traffic particularly when the wind is toward the flare.
Mr. Chester Burr, foreman for the defendant, Louisiana Paving Company, Inc., testified that signs were placed along the road warning of construction ahead, and that there were repeated signs of warning of a speed limit of 45 miles per hour. He also stated there were five delineators west of the culvert which were two inches by four inches by six feet in height with alternate diagonal black and white stripes with a reflector affixed thereto. He said there had been no complaints received by the company or anyone connected therewith with reference to any of the warning signs, use of the delineators or other markings. Mr. James Smith, dirt foreman for the defendant, testified substantially the same as did Mr. Burr, and added that the delinea-tors were able to be seen at a distance of some seven to eight hundred feet on a rainy night.
Mr. Willie Chamberlain, foreman for the defendant, and Marion Pressley, son of the superintendent and an employee in the office, both testified as to the highway markings prior to the accident in question.
Since we have concluded that the trial court did not commit manifest error in its finding that defendant was not guilty of negligence, it is not necessary to examine the record to determine whether or not the decedent was guilty of any negligence in his operation of his vehicle.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.